UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBMONIQUE MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1497** |
| **PENN ENTERTAINMENT, INC. ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Casino & Hotel New Orleans's Motion to Dismiss (Doc. 17). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Robmonique Miller filed this *pro se* action arising out of her termination from her job as an assistant beverage manager at Boomtown Casino.[1] Plaintiff alleges that her termination was the result of race and disability discrimination in violation of Title VII and the Americans with Disabilities Act ("ADA"). Defendant Louisiana-I Gaming has moved to dismiss

---

[1] The defendant is Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Casino & Hotel New Orleans. Plaintiff incorrectly identified the defendant as Penn Entertainment Boom Town Casino.

1

Plaintiff's claims, alleging that she has failed to state a claim upon which relief can be granted. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Plaintiff's Complaint alleges that she was retaliated against and wrongfully terminated after "agreeing that some text messages were about another manager" and failing to escalate the matter. She alleges that these accusations were false. To her Complaint, she attaches the charge filed with the EEOC, which contains some additional details. Therein, she alleged that the stated reason for her discharge was "showing a team member several text messages which caused him to feel threatened." She also alleged that:

> [O]n June 11, 2024, after I was physically attacked on the job by a drunk server, nothing was done to change the policies. I heard Quentina on the phone stating that she didn't understand me and that I claimed to be hurt, and my personal life was a mess. After I informed Gretchen that I overheard Quentin's conversation, I asked for the corporate number, but she refused to provide the number for the corporate office. In July 2024, after I was written up by Scott McKinley, he stated that everything he was doing to me was because they made him do it. In August 2024 after two of my subordinates engaged in an altercation, I received many derogatory messages from one subordinate insinuating that he wanted to hurt someone. Zachary Harvin (Asst Casino Manager) stated that themessages were about him. Quentina asked to see the messages, but I refused to provide a copy of them. On August 16, 2024, I was suspended pending an investigation. On August 21, 2024, I was discharged.

Defendant alleges that these allegations do not state a claim under either Title VII or the ADA. This Court will consider each in turn.

### A. Title VII Discrimination and Disparate Treatment

First, Defendant argues that Plaintiff has failed to plead a prima facie case of Title VII discrimination or disparate treatment. "A plaintiff establishes a prima facie case of race-based discrimination if he demonstrates that he (1)

3

is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably."[9] Here, Plaintiff fails to allege any facts supporting the fourth prong of a prima facie case. Neither her Complaint nor the EEOC Charge indicate that she was replaced by someone of a different race or that similarly situated employees were treated more favorably. Accordingly, Plaintiff's Complaint fails to state a Title VII claim.

In her Opposition to Defendant's Motion to Dismiss, Plaintiff provides further details regarding her claim. There, Plaintiff lists several other employees of varying races who violated workplace rules and the discipline they received. Defendant argues that none of these employees is similarly situated to Plaintiff to state a disparate treatment claim under Title VII. "In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated."[10] "[I]f a plaintiff proffers a comparator, the employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared: (1) held the same job or responsibilities; (2) shared the same supervisor or had their employment status determined by the same person; and (3) have essentially comparable violation histories."[11] None of the comparators listed by Plaintiff in her Opposition worked as an assistant

---

[9] Standley v. Rogers, 680 F. App'x 326, 327 (5th Cir. 2017).

[10] Willis v. Napolitano, 986 F. Supp. 2d 738, 745 (M.D. La. 2013), *aff'd sub nom*. Willis v. United States, 576 F. App'x 340 (5th Cir. 2014).

[11] *Id.*

4

beverage manager, and none of their violations involved failing to properly escalate an issue to human resources.[12] Accordingly, even considering these facts outside of the Complaint, Plaintiff has not alleged facts supporting a claim that similarly situated employees of a different race were treated more favorably than her. Therefore, Plaintiff has not stated a discrimination or disparate treatment claim under Title VII.

### B. ADA Discrimination

Defendant next argues that Plaintiff has failed to state an ADA claim. "To make out a *prima facie* case of discrimination under the ADA [Plaintiff] must show that (a) [she] has a disability; (b) [she] is a qualified individual for the job in question; and (c) an adverse employment decision was made because of his disability."[13] The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.[14]

Plaintiff's Complaint and the EEOC charge attached do not allege any disability or physical or mental challenge. Accordingly, Plaintiff's Complaint does not state a claim under the ADA. In her Opposition, Plaintiff alleges that she was physically attacked at work in June 2024—just a few months before she was terminated. She alleges that the psychological impact of the attack

---

[12] Plaintiff alleges facts regarding workplace violations by Caucasian and Hispanic workers who served as a barback, server, bartender, dual-rate supervisor, and table game supervisor. Doc. 24. The employee-comparators that Plaintiff provides were accused of physical altercations, threatening guests or team members, or using inappropriate language.
[13] Hamilton v. Sw. Bell Tel. Co., 136 F.3d 1047, 1050 (5th Cir. 1998).
[14] *See* 42 U.S.C. § 12102.

"proved to be significantly debilitating."[15] She alleges she was diagnosed with PTSD, anxiety disorder, and clinical depression and that "at one point," she was unable to leave her home due to fear.[16] Even assuming these allegations are sufficient to allege a disability under the ADA,[17] however, Plaintiff does not include any allegation that her PTSD, anxiety disorder, and clinical depression were the cause of her termination. Indeed, Plaintiff alleges that she was terminated because she was falsely accused of failing to escalate an employee matter to human resources. Accordingly, even considering these additional facts, Plaintiff has not alleged an ADA discrimination claim.

### C. Title VII and ADA Retaliation

Finally, Defendant argues that Plaintiff has failed to allege a retaliation claim under either Title VII or the ADA. To establish a prima facie case of retaliation under either law, Plaintiff must allege, among other things, that she engaged in an activity protected by either Title VII or the ADA.[18] An employee has engaged in an activity protected by Title VII or the ADA if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or the ADA, or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII or the ADA.[19]  In addition, "making a request for a reasonable

---

[15] Doc. 24.

[16] *Id.*

[17] "PTSD . . . standing alone, is not necessarily a disability contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities." *Hamilton*, 136 F.3d at 1050.

[18] Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen., 730 F.3d 450, 454 (5th Cir. 2013).

[19] Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996); Way v. City of Missouri City, 133 F.4th 509, 522 (5th Cir. 2025).

accommodation under the ADA constitutes 'participat[ing] in an activity protected under the statute.'"[20]

Plaintiff's Complaint and the EEOC Charge attached do not allege that she engaged in any protected activity. Accordingly, she has not stated a claim for ADA or Title VII retaliation. In her Opposition to this Motion, Plaintiff appears to allege that her termination was in retaliation for filing a worker's compensation claim as a result of the June 2024 physical altercation with another employee. She alleges that after filing her worker's compensation claim, she observed a shift in her work conditions and treatment, including schedule changes and denial of leave. She alleges that these adverse actions were a result of her worker's compensation claim. The filing of a worker's compensation claim, however, is not a protected activity under either Title VII or the ADA. Instead, employees are protected from discrimination following the filing of worker's compensation claims under state law.[21] Accordingly, even considering the additional facts alleged in her Opposition, Plaintiff has not stated a Title VII or ADA claim.

### D. Leave to Amend

Having found that Plaintiff has not sufficiently pleaded any claim, the Court must consider whether she should be given leave to amend her Complaint. Federal Rule of Civil Procedure 15(a)(2) "*requires* courts 'freely give leave [to amend] when justice so requires.'"[22] The Fifth Circuit has held that

---

[20] *Way*, 133 F.4th at 522 (quoting *Feist*, 730 F.3d at 454).
[21] *See* LA. REV. STAT. § 23:1361. Because Plaintiff has failed to state a claim under federal law, this Court lacks jurisdiction to hear a state law claim for worker's compensation discrimination.
[22] Carver v. Atwood, 18 F.4th 494, 498 (5th Cir. 2021) (quoting FED. R. CIV. PRO. 15).

courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[23] Accordingly, Plaintiff shall be given leave to amend.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff shall amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein. Failure to amend will result in dismissal of Plaintiff's claims.

New Orleans, Louisiana this 29th day of January, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[23] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).