UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBMONIQUE MILLER                           CIVIL ACTION

VERSUS                                       NO: 25-1497

PENN ENTERTAINMENT, INC. ET AL.             SECTION "H"

ORDER AND REASONS

Before the Court is Defendant Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Casino & Hotel New Orleans's Motion to Dismiss (Doc. 35). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

Plaintiff Robmonique Miller filed this *pro se* action arising out of her termination from her job as an assistant beverage manager at Boomtown Casino.[1] Plaintiff alleged that her termination was the result of race and disability discrimination in violation of Title VII and the Americans with Disabilities Act ("ADA"). Defendant Louisiana-I Gaming moved to dismiss Plaintiff's claims, alleging that she has failed to state a claim upon which relief

---

[1] The defendant is Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Casino & Hotel New Orleans. Plaintiff incorrectly identified the defendant as Penn Entertainment Boom Town Casino.

1

can be granted. The Court agreed and dismissed Plaintiff's Title VII, ADA, and retaliation claims. The Court also granted Plaintiff leave to amend her complaint if she could remedy the deficiencies identified by the Court.

Plaintiff filed an Amended Complaint on February 13, 2026—this time asserting claims under only Title VII and 43 U.S.C. § 1981. On February 27, 2026, Defendant again moved for dismissal of Plaintiff's claims, arguing that she has not alleged a claim upon which relief can be granted. Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

2

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

In her Amended Complaint, Plaintiff alleges that she received text messages from a co-worker threatening harm against another employee but that she was unaware of the intended target. She alleges that she notified management and human resources regarding the messages. She alleges that Zachary Harbin, a white assistant manager, read the messages after picking up her phone from a desk and formed the belief that the messages were directed at him. Plaintiff alleges that she was terminated shortly after for withholding information from management regarding the incident, showing the messages to Harbin, and failing to properly escalate the matter. Plaintiff alleges that these reasons are inaccurate and that she was actually terminated because of her race. She alleges that Renitta Williams, another African American manager was also terminated as a result of the incident, but that Harbin was not disciplined or terminated.

Defendant argues that Plaintiff has failed to state a claim under Title VII and § 1981. Claims under both theories require that Plaintiff allege that other similarly situated employees were treated more favorably.[9] "[T]he plaintiff-employee must show 'nearly identical' circumstances for employees to

---

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[9] Standley v. Rogers, 680 F. App'x 326, 327 (5th Cir. 2017); Body by Cook, Inc. v. State Farm Mut. Auto. Ins., 869 F.3d 381, 387 (5th Cir. 2017).

be considered similarly situated."[10] "[I]f a plaintiff proffers a comparator, the employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared: (1) held the same job or responsibilities; (2) shared the same supervisor or had their employment status determined by the same person; and (3) have essentially comparable violation histories."[11]

Here, Plaintiff points to Zachary Harbin as a similarly situated white employee that was treated more favorably. However, even taking the facts of the Complaint in the light most favorable to Plaintiff, they do not support a finding that Harbin had an "essentially comparable violation history."[12] Although Plaintiff alleges that Harbin was "involved" in the same incident that precipitated her firing, the facts alleged suggest that he was merely identified as the target of the threatening messages. There is no allegation that Harbin was also accused of withholding information from management regarding the incident or failing to properly escalate the matter. Accordingly, Plaintiff's Complaint does not identify a similarly situated comparator to support a Title VII discrimination claim.

Having found that Plaintiff has not sufficiently pleaded any claim, the Court must consider whether she should be given leave to amend her Complaint. Though "[l]eave to amend should be freely given,"[13] a court may decline to give such leave as long at the denial is justified on grounds of "undue

---

[10] Willis v. Napolitano, 986 F. Supp. 2d 738, 745 (M.D. La. 2013), *aff'd sub nom.* Willis v. United States, 576 F. App'x 340 (5th Cir. 2014).

[11] *Id.*

[12] *Id.*

[13] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[14] The Court notes that Plaintiff was previously granted leave to amend and has again failed to state a claim. In addition, the allegations contained in her EEOC charge and oppositions to Defendant's Motions also did not state a claim. The Court finds that these repeated failures justify dismissal with prejudice of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 8th day of May, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Id.*