**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBMONIQUE MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1497** |
| **PENN ENTERTAINMENT, INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) (Doc. 44). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Robmonique Miller, an African American woman, filed this *pro se* action arising out of her termination from her job as an assistant beverage manager at Boomtown Casino.[1] Plaintiff alleged that her termination was the result of race and disability discrimination in violation of Title VII and the Americans with Disabilities Act ("ADA"). Defendant Louisiana-I Gaming moved to dismiss Plaintiff's claims, alleging that she has failed to state a claim upon which relief can be granted. The Court agreed and dismissed Plaintiff's

[1] The defendant is Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a/ Boomtown Casino & Hotel New Orleans. Plaintiff incorrectly identified the defendant as Penn Entertainment Boomtown Casino.

Title VII, ADA, and retaliation claims. The Court also granted Plaintiff leave to amend her complaint if she could remedy the deficiencies identified by the Court.

Plaintiff filed an Amended Complaint on February 13, 2026—this time asserting racial disparate treatment claims under only Title VII and 43 U.S.C. § 1981. On February 27, 2026, Defendant again moved for dismissal of Plaintiff's claims, arguing that she had not alleged a claim upon which relief can be granted. The Court agreed and dismissed Plaintiff's claims because her Complaint did not allege a similarly situated white employee that was treated more favorably.

Plaintiff now moves the Court to reconsider the dismissal of her claims pursuant to Federal Rule of Civil Procedure 59(e). Defendant opposes.

## LEGAL STANDARD

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[3] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[4] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an

[2] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[3] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).

[4] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).

extraordinary remedy that should be used sparingly."[5] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[6]

## LAW AND ANALYSIS

Plaintiff presents two arguments for reconsideration of the dismissal of her claims. First, Plaintiff alleges that the Court committed manifest error when it required her to allege a similarly situated comparator to support her claims. Second, Plaintiff presents evidence that was produced after the Court's judgment, including Human Resources records, management communications, investigation materials, and disciplinary documentation that she contends reveals that the justification for her firing was false. She alleges that the Court erred in dismissing her claims before she could engage in discovery with Defendant and that it should consider this newly produced evidence in reconsidering the dismissal. The Court will consider each argument in turn.

First, it is well-settled that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] To establish a prima facie case of race-based disparate treatment, a plaintiff must allege that other similarly situated employees were

[5] *Templet*, 367 F.3d at 479 (citations omitted).

[6] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[8] *Id.*

treated more favorably.[9] Because Plaintiff did not allege that other similarly situated employees were treated more favorably, she failed to state a claim for relief that was plausible on its face. Accordingly, the Court did not err in dismissing her claim under Rule 12(b)(6).

Second, the newly produced evidence presented by Plaintiff does not alter this Court's decision because Plaintiff's case was dismissed for her failure to allege a claim. This Court did not consider any evidence in reaching its decision, and indeed, the evidence that Plaintiff now presents does not rectify the pleading deficiencies in her Amended Complaint. Further, Plaintiff contends that the evidence calls into question Defendant's proffered reason for her termination. Even so, Plaintiff still does not allege a similarly situated comparator to support that her firing was racially motivated. Plaintiff's incredulity regarding the cause for her firing does not a Title VII or § 1981 claim make. Whether Plaintiff did or did not fail to escalate an employee safety issue did not factor into this Court's dismissal. Accordingly, Plaintiff has not

---

[9] Standley v. Rogers, 680 F. App'x 326, 327 (5th Cir. 2017); *see* McLin v. Twenty-First Jud. Dist., 614 F. Supp. 3d 278, 288 (M.D. La. 2022), aff'd, 79 F.4th 411 (5th Cir. 2023) ("Plaintiff falters at the fourth element because she has not plausibly alleged any differential treatment, which requires allegations establishing that a 'similarly situated' comparator was not fired despite committing nearly the same misconduct. To the point, Plaintiff must allege the existence of at least one non-white co-worker working in 'nearly identical circumstances' that maintained her job after demonstrating the same character and fitness concerns ascribed to Plaintiff." (citation modified)).

shown that this Court committed manifest error or proven any other ground for relief from judgment.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 27th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**